# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-301V

| | |
|---|---|
| ANDREW WILLIAMSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 13, 2024 |

*John Beaulieu*, Siri & Glimstad LLP, Louisville, KY, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On March 1, 2023, Andrew Williamson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") caused-in-fact by an influenza vaccine administered on March 6, 2020. Petition at 23.

On March 7, 2024, Respondent filed his Rule 4(c) Report recommending that compensation be denied in this case. ECF No. 23. Respondent argues that onset of Petitioner's GBS did not occur until four months after vaccination, well beyond the timeframe set forth in the Vaccine Injury table. *Id.* at 10-11. Respondent also argues that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner failed to establish his injury was caused-in-fact by the influenza vaccine. *Id.* at 11-12.

An Order to Show Cause why this case should not be dismissed was issued on May 6, 2024. ECF No. 25. On July 19, 2024, Petitioner filed a motion to dimsmiss his petition. Petitioner's Motion for a Decision Dismissing his Petition ("Motion"), ECF No. 28. Petitioner acknowledged that he will be unable to prove that he is entitled to compensation in the Vaccine Program.  Petitioner further indicated that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him.  He has been advised that such a judgment will end all of his rights in the Vaccine Program." *Id.*

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that he suffered an injury that was actually caused by a covered vaccine.  <u>See</u> §§ 13(a)(1)(A) and 11(c)(1).  Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone.  Rather, the petition must be supported by either the medical records or by a medical opinion.  § 13(a)(1).  In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine.  For these reasons, and in accordance with § 12(d)(3)(A), **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.